# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No.:   8:14-CR-445-T-27MAP**

**MELVIN BARBER BRIDGERS, III**
_____/

### DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR A SENTENCE OF TWENTY (20) YEARS INCARCERATION AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW**, the Defendant, MELVIN BRIDGERS, III, by and through his undersigned counsel, A. FITZGERALD HALL, pursuant to 18 U.S.C. § 3553(a), and moves this Court to: **ENTER A JUDGMENT OF TWENTY (20) YEARS INCARCERATION**.   As grounds for this motion, the Defendant offers the following:

### INTRODUCTION

1.      On May 1, 2014, Mr. Bridgers was arrested on a criminal complaint charging him with production of child pornography in violation of 18 U.S.C. § 225(a); receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2); and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4) (Doc. 1).

2.     Mr. Bridgers was arrested on this same day for the same and he made his initial appearance before the Court (Doc. 3).   Mr. Bridgers was ordered detained (Docs. 6).

3.     On December 11, 2014, pursuant to an information and a plea agreement, Mr. Bridgers appeared before this Court and entered a guilty plea to count one, production of child pornography and count two, receipt and distribution of child pornography (Docs. 18 & 20).

4.     This Court has accepted Mr. Bridgers' guilty plea and scheduled his case for sentencing on Thursday, April 16, 2015, at 1:30 p.m. (Doc. 32).

5.     The facts of this case are not in dispute.   From December 2012 through on or about May 1, 2014, Mr. Bridgers produced numerous images of child pornography by initiating chats with minor females via the internet (PSIR ¶10).   During this time, Mr. Bridgers sent, received, and traded numerous child pornography images with others including minors.   *Id.*

6.     An investigation revealed to law enforcement that child pornography had been released to viewers on Facebook.com by one of Facebook's users with the screen name "Brianna Benson" (PSIR ¶11).   An investigation by law enforcement of the name "Brianna Benson" led to Mr. Bridgers.   *Id.* Furthermore, in March 2014, the National Center for Missing and Exploited

Children ("NCMEC") received additional reports that child pornography images were being found in Facebook accounts under the Brianna Benson name (PSIR ¶12).   Local authorities also learned that officers in Webster, Texas were conducting an investigation into Mr. Bridgers' activities.   *Id.*   It was learned that Mr. Bridgers obtained access to various minors' Facebook accounts by making himself the administrator of these pages (PSIR ¶13).   As a result, Mr. Bridgers could view any pictures and read all chats on these pages.   *Id.*

7.   Mr. Bridgers also had several Facebook pages which he used to meet and contact minor females (PSIR ¶14).   Mr. Bridgers, posing as a minor and using a fake name, then would obtain pornographic pictures of the minors with whom he communicated.   *Id.*   Mr. Bridgers would send a picture of another minor, which he held-out as himself, to a minor he was chatting with over the internet in exchange for that minor sending him a sexually explicit photograph of herself (PSIR ¶16).   If the minor did not send Mr. Bridgers a sexually explicit photograph of herself, then he would threaten to send the sexually explicit photograph that he had already received from the minor to her family or post it on the internet for everyone to view.   *Id.*   Mr. Bridgers would demand more and more photos of the minor and he would suggest how the minor should pose when taking the photographs.   *Id.*   Mr. Bridgers continued with this conduct until the minor

complied with his wishes.   *Id.*   In many instances, Mr. Bridgers chastised and manipulated the minors into sending him photographs of themselves (PSIR ¶¶16 & 17).   Mr. Bridgers' conduct is outlined in paragraphs 20-33 of the PSIR.

8.     It should be noted that on May 1, 2014, federal authorities executed a search warrant at Mr. Bridgers' residence in Tarpon Springs, Florida (PSIR ¶34). Mr. Bridgers readily admitted his criminal conduct to authorities.   *Id.*

9.     The PSIR has been disclosed in this case and there are several objections to the report.   Nevertheless, the PSIR currently reflects that Mr. Bridgers' total offense level is 43 and his criminal history category is III (PSIR ¶¶48-123).   This results in an advisory range of imprisonment of life or, in the alternative, since the statutory authorized maximum sentences are less than the applicable guideline range of life, 600 months (PSIR ¶166).   Mr. Bridgers does have a minimum-mandatory sentence of 15 years on count one and a minimum-mandatory sentence of 5 years on count two (PSIR ¶165).

10.     However, due to the nature and circumstances of the instant offenses, the history and characteristics of Mr. Bridgers, and the need for the forthcoming sentence to afford <u>adequate deterrence</u>, Mr. Bridgers requests this Court impose a sentence of twenty (20) years of incarceration pursuant to 18 U.S.C. § 3553(a) and the *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

## LEGAL ARGUMENT

11.    As outlined above, Mr. Bridgers is facing an advisory term of incarceration of 600 months or life (PSIR ¶¶111, 123, and 166).

12.    In this case, Mr. Bridgers requests this Court consider the following highlighted factors set forth under Section 3553(a) in determining a reasonable sentence to impose in this case:

(1)    **the nature and circumstances of the [instant] offense and the history and the characteristics of the defendant;**

(2)    the need for the sentence imposed-

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    **to afford adequate deterrence to criminal conduct**;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    [the applicable Sentencing Guidelines];

(5)    any pertinent [Sentencing Guidelines] policy statement

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of

similar conduct; and

(7)    the need to provide restitution to any victim of the offense.

18 U.S.C. § 3553(a) (emphasis added).  *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005) (providing that when the district court considers the factors of section 3553(a), it need not discuss each of them).  *See also, United States v. Scott*, 426 F.3d 1324 (11th Cir. 2005) (same)).  <u>The Guidelines are only one of the factors</u> to consider when imposing sentence and §3553(a)(3) directs the judge to <u>consider sentences other than imprisonment</u>.  *Gall v. United States*, 552 U.S. 38, 59, 128 S. Ct. 586, 602 (2007) (emphasis added).

13.    It should be noted that in assessing these enumerated factors that the Court is "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."  *United States v. Alfaro-Moncada*, 607 F.3d 720, 735 (11th Cir. 2010) (citing *Gall*, 552 U.S. at 52, 128 S. Ct. at 598 (2007)).

14.    Pursuant to Section 3553(a), and the above cited case-law, Mr. Bridgers requests this Court impose a reasonable sentence in this case.  In particular, Mr. Bridgers seeks a sentence of twenty (20) years' incarceration due to the following: the nature and circumstances of the [instant] offense, his history and

characteristics, and the need for the forthcoming sentence to afford <u>adequate</u> deterrence.

### A.   The Nature and Circumstance of the Offense

15.     The instant offense is a serious offense as it involved both Mr. Bridgers' production and receipt and distribution of child pornography.   Also, it involves harm done to children although at a distance.

16.     However, and arguably, the circumstances of the <u>instant</u> offense are mitigated by the fact that Mr. Bridgers obtained nude photographs of various minors after chatting with them over the internet.   Said differently, Mr. Bridgers was a "collector" of child pornography.   There is no evidence that Mr. Bridgers ever "laid hands" on any victim in this case.

17.     In fact, and in sum, Mr. Bridgers' problem appears to be his habit of "collecting" child pornography for viewing within the confines of his home. Thus, as borne out in the facts of this case, Mr. Bridgers does not pose a risk to anyone and he did not harm anyone while he was at liberty.   *See* PSIR ¶¶10-42.

### B.   The History and Characteristics of Mr. Bridgers

18.     In this case, the history and characteristics of Mr. Bridgers speak for themselves (*See*, generally, PSIR ¶¶113-161).   Mr. Bridgers has no juvenile criminal conduct (PSIR ¶113).   Mr. Bridgers has no prior child-related

conviction(s) of any kind (PSIR ¶¶114-122).  In fact, Mr. Bridgers has no prior sexually-related conviction(s) of any kind.  *Id.*

19.    Furthermore, Mr. Bridgers' most serious criminal offense was that of robbery with a dangerous weapon---an offense for which he served time for and was released on June 18, 2003 (PSIR ¶119).  Mr. Bridgers' other criminal offenses appear to be meager and, thus, non-violent offenses (PSIR ¶¶114-122).  Mr. Bridgers does have a pending case of video voyeurism and breach of peace (misdemeanor offenses) in Palm Beach Gardens, Florida (PSIR ¶125). Nevertheless, the sum-total of Mr. Bridgers' conduct results in his criminal history category being III (PSIR ¶123) and not categories IV, V, or VI.

20.    Furthermore, Mr. Bridgers' longest period of incarceration has been for 46 – 65 months (PSIR ¶119) whereas his current advisory sentencing guidelines for the instant offense are 600 months or life incarceration (PSIR ¶166) ---more than 13 times the longest period of incarceration he has ever served.  *But s*ee, e.g., United States v. Mishoe*, 241 F.3d 214, 220 (2d Cir. 2001) (stating if a defendant served no time or only a few months for the prior offenses, a sentence of even three or five years for the current offense might be expected to have the requisite deterrent effect).

21.     Similarly, Mr. Bridgers is not a repeat sex offender, which would certainly dictate a substantial period of incarceration be imposed.   *See e.g., United States v. Michael Johnson*, Case No. 8:05-CR-12-T-27MSS (M.D.FL 2005) (finding defendant was a repeat sex offender and sentencing him to 140 years' incarceration).   Again, Mr. Bridgers has no prior sex offenses and/or convictions and his criminal history category is III (PSIR ¶123).

22.     Mr. Bridgers comes from a dysfunctional home as his parents consumed alcohol and used marijuana around him and his brother (PSIR ¶137). Eventually, Mr. Bridgers and his brother were removed from the home by the Department of Children and Families ("DCF").   *Id.*   Mr. Bridgers' father eventually left the family and, as a result, Mr. Bridgers started acting out and getting into trouble (PSIR ¶138).   For example, at one time, Mr. Bridgers had to reside at a wilderness camp for a year as part of a juvenile court sentence.   *Id.*

23.     The most influential person in Mr. Bridgers' life was his grandfather who assisted in raising him.   *Id.*   However, after his grandfather passed, according to Mr. Bridgers' mother, Mr. Bridgers' life took a turn for the worst and he began to get in trouble (PSIR ¶139).

24.     There is no escaping the fact that one is responsible for his own conduct/actions in life.   However, as in all criminal cases, this Court is being

requested to consider Mr. Bridgers' upbringing and any contributing factors that may have "assisted" in him committing the instant offenses.   Here, Mr. Bridgers takes full responsibility for his conduct, but undersigned counsel argues that the dysfunctional environment in which he was raised also contributed to his lifelong poor decision making.   As a result, under the circumstances of the instant case and considering Mr. Bridgers' criminal history, a lesser prison sentence (here, 20 years) would not be unwarranted.

### C.    The Need for the Sentence to Afford Adequate Deterrence

25.    Mr. Bridgers requests this Court consider that his request for a sentence of twenty (20) years' incarceration, under the circumstances of this case, would still afford <u>adequate</u> deterrence to the community.

26.    Additionally, such a sentence will serve to punish Mr. Bridgers for his criminal conduct as he should not have committed the instant offenses.

### D.    Just Punishment for the Offense

27.    Finally, such a sentence of twenty (20) years' incarceration would be a <u>reasonable sentence</u> under the facts surrounding this case and not one greater than necessary to accomplish all of the factors arrayed at Section 3553(a).   Also, such a sentence would be just punishment for the offenses committed in this case.

28.     Assistant United States Attorney Josie Thomas objects to the request(s) outlined herein.

**WHEREFORE**, Mr. Bridgers prays this Court will grant the relief requested herein.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*/s/A. Fitzgerald Hall*
A. Fitzgerald Hall, Esq.
Florida Bar No. 0137138
Assistant Federal Defender
400 North Tampa Street, Suite 2700
Tampa, Florida 33602
Telephone:  (813) 228-2715
Facsimile:   (813) 228-2562
Email: Alec_Hall@fd.org
*Attorney for Defendant Bridgers*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of April 2015, a true and correct copy of the foregoing was furnished by the CM/ECF system with the Clerk of the Court, which will send a notice of the electronic filing to Josie Thomas, Assistant United States Attorney, United States Attorney's Office at 400 North Tampa Street, Suite 3200, Tampa, Florida 33602.

*/s/ A. Fitzgerald Hall*
A. Fitzgerald Hall, Esq.
Assistant Federal Defender

12